THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* WILLIAM MAY *et al.* Plaintiffs in Error.

*Opinion filed October 27, 1915.*

1. CRIMINAL LAW—*meaning of section 6 of the act relating to venue.* The requirement of section 6 of the act relating to venue that no application for a change of venue made after the first term shall be allowed unless the party applying for it shall have given the opposite party ten days' notice, except where the cause for change has become known within less time, means after the first term at which the defendant had opportunity to file his application for a change, and not the term at which he is arraigned and called upon to plead.

2. SAME—*when application for a change of venue should show why not presented sooner.* An application for a change of venue not made until the defendant is called upon to plead and go to trial, although the term of court began ten days before that time, is fatally defective if it does not show any reason why it was not presented sooner.

3. APPEALS AND ERRORS—*improper conduct of court officers not error if not prejudicial.* Improper questions asked of a witness by the prosecuting attorney and answered over objections, which were sustained, will not amount to reversible error if not prejudicial to the defendant.

WRIT OF ERROR to the Criminal Court of Cook county; the Hon. LOCKWOOD HONORE, Judge, presiding.

ROBERT E. CANTWELL, and CHARLES P. R. MACAULAY, for plaintiffs in error.

P. J. LUCEY, Attorney General, MACLAY HOYNE, State's Attorney, and GEORGE P. RAMSEY, (J. P. MORAN, of counsel,) for the People.

Mr. CHIEF JUSTICE FARMER delivered the opinion of the court:

Plaintiffs in error were indicted and convicted in the criminal court of Cook county for grand larceny and sentenced to indeterminate terms in the penitentiary. They bring the record to this court by writ of error for review and rely upon two grounds of error for a reversal of the judgment.

The plaintiffs in error were arrested by police officers at Ninety-second street and Commercial avenue, Chicago, soon after alighting from a street car. Upon search of their persons by the police $400 in currency was found on the person of plaintiff in error Warren, concealed, as the officers testified, between his shirt and drawers. The bills were rolled up and held together by a rubber band, which had been broken and was tied. Ludwig Anderson appeared at the police station very shortly after plaintiffs in error were taken there and complained he had been robbed of $400 on a street car by two men. He described the money, the amount of it, the denominations of the bills, and their being tied together with a rubber band. He also identified plaintiffs in error as two men he saw on the car, one of whom obstructed his passage and the other jostled him from the rear. Plaintiffs in error claimed the money belonged to Warren; that he was on his way to Hammond, Indiana, to pay it to a man he owed, and that May was accompanying him. It is unnecessary to set out the evidence, as plaintiffs in error, while denying their guilt, do not claim the evidence was insufficient to support the verdict and judgment.

Upon their arraignment in the criminal court, at the December term, 1914, plaintiffs in error filed a motion and petition for a change of venue, alleging they believed they could

not have a fair and impartial hearing before the presiding judge of the criminal court. The application for change of venue was denied and the parties were placed upon their trial. It is contended the court committed reversible error in denying the application for a change of venue.

Plaintiffs in error were indicted by the grand jury of the criminal court at the August term, 1914. A regular term of that court is fixed by statute for each month of the year. There is no record of any proceedings had in the case at the September, October or November term of that court nor until the seventeenth of December. The December term began on the seventh day of December. Upon plaintiffs in error being arraigned and pleading to the indictment they filed their petition for a change of venue. No reason was given in the petition why it was not filed earlier, no notice was given to the State's attorney of an intention to file it, nor was it stated when knowledge of the cause set up and relied upon by plaintiffs in error for a change of venue first came to them. Section 3 of chapter 146 of Hurd's Statutes of 1913, entitled "Venue," requires the petition for a change of venue to set forth the cause of the application and to be verified by the affidavit of the applicant. Section 5 authorizes the application to be made to the court in which the cause is pending, in term time, or to the judge thereof in vacation, upon reasonable notice. Section 6 provides that no application for a change of venue after the first term shall be allowed unless the party applying for it shall have given the opposite party ten days' notice, except where the causes have arisen or come to the applicant's knowledge within less than ten days before making the application. Section 7 provides: "No change of venue shall be granted after the first term of the court at which the party applying might have been heard, unless he shall show that the causes for which the change is asked have arisen or come to his knowledge since the term at which the application might have been made." Here the term at which the indictment was found expired and three

other terms intervened before the application was made, and no reason or excuse was given why it was not made earlier.

Plaintiffs in error contend that the requirement of the sixth section of the statute that the application must be made at the first term, except where the causes for the application have arisen or come to the applicant's knowledge subsequently, means the term at which plaintiffs in error were arraigned and called upon to plead. We do not think the statute susceptible of this construction, and the point has been substantially decided contrary to the plaintiffs in error's contention in *White* v. *Murtland,* 71 Ill. 250, and *Peoria and Rock Island Railway Co.* v. *Mitchell,* 74 id. 394.

We are further of opinion that, independently of the fact that a number of terms of court had intervened between the return of the indictment and the term at which the trial was had, plaintiffs in error were required by the statute to give the reasons in their petition why they had delayed making the application for a change of venue until they were called upon to plead and go to trial. Ten days intervened from the first day of the term to the date of the application, and we are of opinion the petition was fatally defective in not showing why it was not sooner presented.

Complaint is also made that the assistant State's attorney who tried the case for the People was guilty of improper conduct during the trial which was prejudicial to plaintiffs in error. This alleged improper conduct consisted of two or three questions asked of the police officers and one of plaintiffs in error, to which the court sustained objections. We are of opinion that the questions were not of a character to prejudice plaintiffs in error despite the rulings of the court. One of the police officers was asked how he happened to grab plaintiff in error May, and over objection answered, "I saw the way they split on the street and I know May." We think there was no error in the ruling of the court in this regard.

The judgment of the criminal court is affirmed.

*Judgment affirmed.*